**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Monroe Randle,** ) | **CASE NO. 1: 17 CV 1067** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | **Memorandum of Opinion and Order** |
| **Cynthia Lindsey,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

Plaintiff Monroe Randle, a Mississippi prisoner, has filed a "Complaint for Prosecution" against Defendant Cynthia Lindsey for "credit card fraud, forgery, embezzlement, false pretense: and identity theft." (Doc. No.1.) He asserts he seeks to compel felony "criminal charges" to be brought against Lindsey "for defrauding social security" and other crimes. (*Id*. at 2.) The plaintiff did not pay the filing fee, or an application to proceed *in forma pauperis*. He has been denied leave to proceed *in forma pauperis* in prior civil cases he has filed in this district. *See, e.g., Randle v. Howell et al.*, Case No. 1: 13 CV 1327 (N.D. Ohio).

Federal courts are charged with the duty of assessing their own jurisdiction and must *sua sponte* dismiss any case in which federal subject-matter jurisdiction is lacking. *See Nagalingam v. Wilson, Sowards, Bowling & Costanzo*, 8 F. App'x 486, 487, 2001 WL 493392 (6th Cir. May 1, 2001). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Further, a district court has the authority to dismiss a complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) at any time "when the allegations of a

complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

The Court must *sua sponte* dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(h)(3) and *Apple v. Glenn*.

Under 28 U.S.C. §1331, federal subject-matter jurisdiction exists when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Mich. South. R.R. Co. v. Branch &. St. Joseph Counties Rail Users Ass'n, Inc*., 287 F.3d 568, 573 (6th Cir. 2002) Federal jurisdiction may be invoked under 28 U.S.C. §1332 when the plaintiff presents a claim between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. §1332. The face of the plaintiff's complaint presents neither a cognizable federal question, nor a cognizable claim over which this Court may exercise diversity jurisdiction. A plaintiff has no private right of action under criminal statutes. *See Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997). Additionally, a plaintiff does not have a right to initiate criminal charges, as the plaintiff purports to do here. *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) (private citizen lacks standing to initiate criminal proceedings); *see also Associated Builders & Contractors v. Perry*, 16 F.3d 688, 692-93 (6th Cir. 1994) (private party lacks standing to compel the state to pursue criminal or civil actions).

## Conclusion

Accordingly, there being no viable claim asserted in the complaint over which this Court may exercise subject-matter jurisdiction, this action is hereby dismissed. The Court further certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. 1915(a)(3).

IT IS SO ORDERED.

  /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Court  
Chief Judge

Dated: 8/8/17